UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00071-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **NAHUAN SOLANO,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se letter (#278). The letter alleges that the federal prisoner is being denied benefits provided to United States citizens while serving the sentence this court imposed at a federal facility. Attached to his pro se filing, the defendant has attached a copy of documents purported to be his Social Security card and his passport (#278-1). The Presentence Report prepared by the U.S. Probation Office detailed that his citizenship is as a "Permanent Resident of United States." That Presentence Report (#200) also noted that "Records indicate that defendant entered the United States on April 10, 2000, and is a Permanent Resident."

Whether to place a person in any program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination. Close review of the request does not reveal any allegation that he exhausted his

1

administrative remedies prior to seeking this relief. This means that petitioner must fully exhaust all avenues for relief afforded by the Bureau of Prisons before filing a petition with a federal court. Even if he had exhausted his BOP administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which he is incarcerated, which is the District of South Carolina. Id. Finally, BOP has access to all the materials this court has concerning this defendant's citizenship status.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent he seeks relief, defendant's pro se letter (#278) is DENIED without prejudice.

Signed: November 10, 2016

Max O. Cogburn Jr
United States District Judge